Joshua B. Swigart, Esq.
Sarah T. McEahern, Esq.
HYDE & SWIGART
2221 Camino Del Rio S. Ste. 101
Telephone: (619) 233-7770
FAX: (800) 635-6425
Email: josh@westcoastlitigation.com
       sm@westcoastlitigation.com
*Attorneys for Susan Embree*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Susan Embree,<br><br>  Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>  Defendant. | **Case No.: 2:17-cv-00156-JLQ**<br><br><br>**FIRST AMENDED COMPLAINT** |

## INTRODUCTION

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls

are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

3. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Plaintiff Susan Embree, by Plaintiff's attorneys, brings this action to challenge the conduct of Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), with regard to attempts by Defendant to unconscionably and abusively collect a debt allegedly owed by Plaintiff. Further, Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in its negligent and/or willful violations of the TCPA.

5. The statute of limitations is tolled due to the commencement of a class action based on the same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461, filed against Defendant on

October 27, 2014 in the Northern District of Illinois. *See American Pipe & Construction Co v. State of Utah*, 414 U.S. 538 (1974).

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Because Defendant conducts business within the State of Washington, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a resident of the City of Newman Lake, County of Spokane, State of Washington.

14. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 47 U.S.C. § 153 (39).

15. Defendant has its principal place of business in the City of West Palm Beach, in the State of Florida.

16. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

### STANDING

17. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

    *See*, *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

18. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

    **A.** *The "Injury in Fact" Prong*

19. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

20. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

21. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS.

**B.** *The "Traceable to the Conduct of Defendant" Prong*

22. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

23. In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

**C.** *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

24. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

25. In the present case, Plaintiff is making a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

26. Furthermore, Plaintiff is requesting injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

27. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

**FACTUAL ALLEGATIONS**

28. Between November 22, 2011 through December 16, 2015 Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 5931 via an "automatic telephone dialing system" ("ATDS"), as defined by 47

U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

29. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

31. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

32. In total, Plaintiff has received at least 1,505 calls from Defendant on Plaintiff's cellular telephone.

33. Plaintiff frequently received multiple calls in a single day. For example, Plaintiff received 19 calls in one week in March 2015, averaging 2.7 calls per day.

34. Defendant did not have consent for any of these calls, as Plaintiff did not provide her cellular telephone number to Defendant or their predecessors on any loan application.

35. Plaintiff also revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by phone.

36. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

37. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

38. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.
39. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.
40. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).
41. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
42. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.
43. Plaintiff also experienced feelings of hopelessness, as many of the calls were prerecorded messages, and she could not reach a live operator to renew her request for the calls to stop.
44. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone. Specifically, Plaintiff only uses her cellular phone for personal and family calls.
45. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.
46. Defendant intruded on Plaintiff's personal life by calling her cellular phone because Plaintiff was unable to get away from the calls, as she

carried her cellular phone with her. The calls interrupted her wherever she went.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Each call after Plaintiff requested Defendant stop calling Plaintiff's cell phone constitutes a knowing and/or willful violation of the TCPA.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### NEGLIGENCE

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendant had a duty of care to Plaintiff to exercise reasonable skill and care in carrying out account activities. Specifically, Defendant had a duty to act reasonably when collecting an alleged debt from Plaintiff, including the means and methods for contacting Plaintiff.

58. By exceeding the bounds of a traditional creditor-borrower relationship, Defendant's duty to Plaintiff rose above the contractual duties provided by any loan agreement.

59. Defendant breached that duty by calling Plaintiff on Plaintiff's cellular telephone hundreds of times to harass and/or abuse Plaintiff and infringe on Plaintiff's privacy rights, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

60. Plaintiff was harmed and suffered injury as described above.

61. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

62. As such, Plaintiff is entitled to recover special, compensatory, and general damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227;
- Actual, special, general, and compensatory damages;
- Reasonable attorneys' fees and costs of suit; and
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 8, 2017

Respectfully submitted,

By: /s/ Joshua B. Swigart
Joshua B. Swigart, Esq.
Sarah T. McEahern, Esq.
HYDE & SWIGART
2221 Camino Del Rio S. Ste. 101
Telephone: (619) 233-7770
FAX: (800) 635-6425
Email:  josh@westcoastlitigation.com
             sm@westcoastlitigation.com
*Attorneys for Susan Embree*