UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN EMBREE,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | NO. 2:17-CV-00156-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: MOTION TO DISMISS |

## I.   Introduction

BEFORE THE COURT is Defendant Ocwen Loan Servicing, LLC's ("Defendant" or "Ocwen") Motion to Dismiss or in the Alternative to Stay the Case (ECF No. 23). Plaintiff filed a Response (ECF No. 27) and Defendant filed a Reply (ECF No. 28). The Motion was submitted without oral argument. This Order memorializes the court's ruling on the Motion.

## II.   Factual Background

All well-pleaded facts are accepted as true as follows for the purposes of the Motion to Dismiss.

Between November 22, 2011, through December 16, 2015, Plaintiff Susan Embree received calls on her cellular phone from Defendant. (ECF No. 19 at ¶28). When she would answer the calls, there would often be silence, sometimes with a click or beep-tone before an Ocwen representative would pick up and start speaking. (ECF No. 19 at ¶30). Plaintiff contends she received calls at times from Defendant where the caller was a recorded voice or message and not a live representative. (ECF No. 19 at ¶31). In total, Plaintiff received at least 1,505 calls from Defendant on her cell phone. (ECF No. 19 at ¶32).

ORDER - 1

Plaintiff alleges she never gave Defendant her cell phone number on any loan application. (ECF No. 19 at ¶34). She also alleges she revoked any type of prior consent by stating she no longer wished to be contacted by phone. (ECF No. 19 at ¶35). Plaintiff claims after she stated she no longer wanted to be called, Defendant continued to contact Plaintiff. (ECF No. 19 at ¶37).

Plaintiff alleges she has suffered frustration and distress because of the calls. (ECF No. 19 at ¶42). She also alleges the calls "disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone." (ECF No. 19 at ¶44).

### III. Discussion

To survive a motion to dismiss, the pleading must allege sufficient facts, which, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the court accepts the facts alleged in the complaint as true." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). However, a claim may be dismissed "based on the lack of a cognizable legal theory." (*Id.*).

The Telephone Consumer Protection Act ("TCPA") makes it "unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to ... cellular telephone service... unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii); *see also*, *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1041-42 (9th Cir. 2017). An "automated telephone dialing system" is defined as "equipment which has the capacity– to store or produce telephone numbers to be

called, using a random or sequential number generator, and to dial such numbers." 47 U.S.C. § 227(a)(1).

The Federal Communications Commission ("FCC") is charged with implementing the TCPA. *See* 47 U.S.C. § 227(b)(2); *Van Patten*, 847 F.3d at 1041. The Court of Appeals has exclusive jurisdiction to set aside "all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342(1). Certain FCC orders are subject to exclusive review in the Court of Appeals for the District of Columbia. *See* 47 U.S.C. § 402(b).

In 2015, the FCC issued a ruling providing interpretation of several provisions of the TCPA. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.S.C.R. 7961 (July 10, 2015) ("2015 FCC Order"). The 2015 FCC Order has been challenged in a lawsuit currently pending before the Court of Appeals for the District of Columbia. *See ACA International v. FCC*, No. 15-1211 (D.C. Cir.). The issues presented in that appeal relate to: (1) whether the new definition of "automatic telephone dialing system" violates due process; (2) whether the 2015 FCC Order's treatment of "prior express consent", including the provision for a right of revocation, violates due process; and (3) whether the 2015 FCC Order violates due process by disregarding Congress' findings in the TCPA. *See ACA International*, Petitioner ACA International's Statement of Issues, Dkt. #21 (August 12, 2015). Oral argument in the *ACA International* case was heard on October 19, 2016. (*Id.* at Dkt. #131) (October 19, 2016). No opinion by the D.C. Circuit has been issued to date.

The parties assert the decision in *ACA International* will be binding on this court. However, the parties do not discuss 47 U.S.C. § 402(b) or identify which subsection the *ACA International* case falls into. *See Campos v. F.C.C.*, 650 F.2d 890, 892-93 (7th Cir. 1981) (stating "it is well settled that Section 402(b) is to be narrowly construed and confined to the enumerated categories"). The court makes no finding as to the effect, if any, the *ACA International* case will have on this matter.

ORDER - 3

**A.    Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to some one [sic] else." (*Id.* at 255).

When a party seeks a stay pending resolution of another matter, the Ninth Circuit requires the district court to weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those competing interests include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." (*Id.*). The burden of proof is on the party seeking the stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Both parties cite a number of district court cases either granting or denying a stay pending *ACA International*.

Defendant argues a stay is appropriate because the *ACA International* decision "could be dispositive" of Plaintiff's TCPA claims or narrow her claims. (ECF No. 23 at 15). Defendant also argues a stay prevents "the potential for inconsistent rulings on the scope of the TCPA." (ECF No. 23 at 16). Defendant claims a stay would not prejudice the parties because discovery has not begun. (ECF No. 23 at 17). Additionally, Defendant argues absent a stay, there is the potential the parties will have to litigate this matter twice if *ACA International* sets forth a new standard. (ECF No. 23 at 22-24).

Plaintiff opposes a stay, asserting Defendant's arguments are "based on speculation as to what may happen in *ACA International*." (ECF No. 27 at 10-11). Also, if the 2015 FCC Order is struck down, Plaintiff argues "there is no reason to believe that the decision would

ORDER - 4

apply retroactively to affect the outcome of this case." (ECF No. 27 at 14). Plaintiff argues a stay will cause her hardship because a stay will be "indefinite and potentially lengthy" with an appeal to the Supreme Court "almost certain." (ECF No. 27 at 11). Specifically, Plaintiff notes "[s]ome documents and evidence, including call logs and dialer information may be under the control of third parties" and such documents may be destroyed during a stay. (ECF No. 27 at 11-12). Additionally, Plaintiff asserts the claimed burden of producing discovery does not justify a stay. (ECF No. 27 at 15).

The fact *ACA International* was argued over a year ago does not infer a decision is forthcoming. Instead, the delay shows there is no guarantee when an opinion will be issued. An indefinite stay in this matter would run contrary to the interests of justice. Additionally, Defendant fails to demonstrate it will suffer undue prejudice absent a stay. In essence, Defendant asks the court to read the tea-leaves and conclude the decision in *ACA International* will be in its favor. The court will not engage in such speculation. Regardless of the outcome of *ACA International*, the parties will need to develop a factual record to show if, or how, that decision applies to the instant matter. Proceeding with discovery forthwith will enable prompt resolution of any issues raised by *ACA International* whenever an opinion is issued therein. Additionally, given the age of the claims in this case and evidence related thereto, Plaintiff faces a reasonable possibility of prejudice if this matter is stayed indefinitely. Defendant has not met its burden of establishing a stay is warranted.

For all of the foregoing reasons, the court declines to indefinitely stay this matter pending final resolution of the *ACA International* case. In light of this ruling, the court next considers the merits of Defendant's Motion to Dismiss.

**B.    Standing**

Article III of the Constitution limits federal judicial power to "Cases" and "Controversies." U.S. Const. Art. III, § 2. Standing to sue "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To satisfy Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

ORDER - 5

of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (*Id.*). "Injury in fact" occurs when the plaintiff establishes they suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*Id.*) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

"Article III standing requires a concrete injury even in the context of a statutory violation." (*Id.* at 1549). "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." (*Id.*).

The Ninth Circuit has addressed the issue of Article III standing in the context of the TCPA. *See Van Patten*, 847 F.3d at 1042-43. The Ninth Circuit noted "in enacting the TCPA, Congress made specific findings that 'unrestricted telemarketing can be an intrusive invasion of privacy' and are a 'nuisance.'" (*Id.* at 1043) (quoting Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 2, ¶¶5, 10, 12, 13, 105 Stat. 2394 (1991)). Additionally, the Ninth Circuit quoted the TCPA session law which stated "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call... is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." (*Id.*) (quoting Pub. L. 102-243, § 2, ¶12).

The Ninth Circuit concluded "[t]he TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent. Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm." (*Id.*). In *Van Patten*, the Ninth Circuit ultimately held "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" (*Id.* at 1043) (emphasis in original) (quoting *Spokeo*, 136 S. Ct. at 1549)).

Defendant's Motion relies on *Spokeo*, but does not address *Van Patten*. *See* (ECF No. 23 at 10-14). After Plaintiff raised *Van Patten* in her Response, Defendant, in a footnote in its Reply, argued *Van Patten* is "easily distinguishable" because the holding was "very

ORDER - 6

clearly limited" to "unsolicited" contact. (ECF No. 28 at 2 n.1). Defendant asserts *Van Patten* addressed "unsolicited contact between parties without a continued relationship." (ECF No. 28 at 2 n.1). Defendant's characterization of *Van Patten* misses the mark.

Like *Van Patten*, Plaintiff has claims she revoked consent which makes the alleged contact by Defendant unsolicited. Congress specifically sought to ban "automated or prerecorded telephone calls" which is the same kind of harm alleged herein. The injurious acts alleged by Plaintiff are indistinguishable from those found to be sufficient in *Van Patten*. The court finds no basis to depart from *Van Patten*. Accordingly, Plaintiff has standing and the Motion to Dismiss the TCPA claim is Denied.

## C. Negligence

"In order to prove actionable negligence, a plaintiff must establish the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach and the resulting injury." *Schooley v. Pinch's Deli Market, Inc.*, 134 Wn.2d 468, 474 (1998). Defendant asserts "the TCPA does not provide a duty of care sufficient for a negligence cause of action." (ECF No. 23 at 9). Plaintiff states she is not looking to the TCPA as the source of a duty of care and argues the duty to act reasonably when collecting a debt arises out of the common law. (ECF No. 27 at 7-8). In making this argument, Plaintiff cites several cases from other jurisdictions, but does not cite any case addressing Washington law.

Courts in New York, Kansas, California, Georgia, and Mississippi have found a duty to act with reasonable care in the context of loan or debt collection. *See Aguirre v. Wells Fargo Bank, N.A.*, No. CV 15-1816-GHK (MRWx), 2015 WL 4065245 at \*\*8-9 (C.D. Cal. July 2, 2015); *Howard v. CitiMortgage, Inc.*, No. 1:13cv543-KS-MTP, 2014 WL 6802550 at \*\*9-10 (S.D. Miss. Dec. 2, 2014); *Tourgeman v. Collins Financial Services, Inc.*, No. 08-CV-1392 JLS (NLS), 2010 WL 4817990 at \*\*5-6 (S.D. Cal. Nov. 22, 2010); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1378-80 (N.D. Ga. 2004); *Colorado Capital v. Owens*, 227 F.R.D. 181, 187-90 (E.D. N.Y. 2005); *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1237 (D. Kan. 2003). While none of those cases speak to Washington law, they

ORDER - 7

demonstrate there may be a cause of action for negligence in the collection of debts. The court is not convinced at this stage the negligence claim lacks plausibility. However, this issue may be raised again on a developed factual record and a thorough discussion of Washington law.

The statute of limitations in Washington for tort claims is three years from the date of injury. *See* RCW 4.16.080(2). The Complaint in this matter was filed on May 4, 2017, and the Amended Complaint alleges Defendant called her over 1,505 times between November 22, 2011, and December 16, 2015. *See* (ECF No. 19 at ¶¶28, 32). Defendant argues Plaintiff "pleads no facts to demonstrate that any violation actually occurred within the relevant statutory period." (ECF No. 23 at 8). This argument carries no weight. Plaintiff alleges the relevant calls occurred within a period which includes dates within the last three years. The fact some of the alleged injurious calls may have occurred outside the statutory period does not demonstrate an insufficient pleading or otherwise require the claims to be dismissed. Through discovery, Defendant can establish how many calls took place within the statutory period.

Insofar as some of the calls took place outside the three year statutory period, Plaintiff argues the statute of limitations were tolled pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). In *American Pipe*, the Supreme Court held "where class action status has been denied solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable, the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." (*Id*. at 552-53) (internal quotation marks omitted). The Supreme Court also held "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." (*Id*. at 554). Additionally, tolling under *American Pipe* applies where plaintiffs do not attempt to intervene but rather seek to file an entirely new action. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983).

ORDER - 8

*American Pipe* applies to "tolling within the federal court system in federal question class actions." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). It does not apply to state law claims unless the state has adopted cross-jurisdictional tolling. (*Id.*); *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1015 (C.D. Cal. 2011). As the Ninth Circuit noted, "few states" have adopted *American Pipe* to allow cross-jurisdictional tolling. *Clemens*, 534 F.3d at 1025.

No Washington state court has addressed whether *American Pipe* applies under Washington state law. Nevertheless, Plaintiff argues this court should find her state law claims were tolled by *Snyder v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-8461 (N.D. Ill.). Plaintiff argues Defendant was on notice of her claims because she alleges "the same facts here, which give rise to both her TCPA and negligence claims" as were alleged in *Snyder*. (ECF No. 27 at 6-7). She also asserts the statute of limitations on her state law claim should be tolled because "[a]llowing tolling on non-pled state law claims that arise from the same set of facts aligns with the spirit and purpose of *American Pipe*." (ECF No. 27 at 6).

Plaintiff's argument is not persuasive. Since Washington has not adopted cross-jurisdictional tolling, it would be inappropriate for this court to do so in the first instance. The court finds Plaintiff's state law negligence claim was not tolled by the *Snyder* case, and as stated above, any claims older than three years from the date the Complaint was filed are barred.

## IV. Conclusion

For the foregoing reasons, the court finds Plaintiff has standing for her TCPA claim and an indefinite stay pending resolution of the *ACA International* case is not warranted. The court also finds Plaintiff has plausibly alleged a claim for negligence at this stage of the proceedings. The state law claim is not tolled under *American Pipe* and injurious acts occurring over three years before the filing of the Complaint are barred under the statute of limitations.

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss or in the Alternative to Stay the Case (ECF

ORDER - 9

No. 23) is **DENIED** as set forth herein.

    2.    Within 21 days after the entry of this Order, the parties shall submit a report with their proposed dates for trial and pretrial deadlines. The court will thereafter issue a Scheduling Order.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated November 22, 2017.

                          s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE